IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS and ST. JOHN

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | CRIM. NO. 14-54 |
| ) | |
| SHERRYMAE MORALES, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |

**PROPOSED JOINT STIPULATIONS OF THE PARTIES**

**The parties stipulate to the following facts:**

The indictment filed on December 4, 2014, charged Ms. Morales with a total of 38 count

s, (App. 25) including 2 counts of embezzlement of public money in violation of 18 U.S.C. §666(a), 33 counts of wire fraud in violation of 18 U.S.C. §1343, and 2 counts of false entries in violation of 18 U.S.C. §1001(a)(3). (App. 25).

At trial, the jury found Ms. Morales not guilty on both counts of embezzlement (Counts 1 and 2), as well as thirteen counts of wire fraud (Counts 3 – 13 and Count 36). The jury found Ms. Morales guilty on Counts 15 – 35 which charged wire fraud. According to the indictment, these counts included payments made to Ms. Morales from September 22, 2010 to June 29, 2011.

Ms. Morales was sentenced on November 12, 2015. The District Court found,

over Morales' objection, that the VING suffered a total loss of $90,852.38. The Court then found that Ms. Morales was entitled to credit for the value of the services she provided to the VING, and estimated that this amount should equal half of the total – resulting in a total adjusted loss of $45,426. The District Court therefore imposed an increase of six levels for the amount of loss to the offense level, which was 7. Ms. Morales was in criminal history category 1 and her sentencing guideline range was 12 to 18 months. The court sentenced Morales at the low end of the guidelines to 12 months and one day of imprisonment.

Ms. Morales was remanded to custody on the day of her sentencing, November 12, 2015. She appealed her conviction and her sentence. After hearing oral argument in this case on May 16, 2016, the three-judge panel from the Third Circuit Court of Appeals ordered her to be released immediately.

On October 25, 2016, the Third Circuit issued an opinion affirming Morales's conviction, but vacating her sentence. The Court first found that there was not sufficient evidence in the record substantiating the total loss figure used by the District Court. More importantly, the Court found that there was not sufficient evidence in the record to support a finding that Ms. Morales "caused a loss." The Court stated,

> The second problem inheres in the unique record before the District Court. The District Court found that Morales did not actually work 80 hours per week between the Guard and Military Services, a sensible finding to

> which we defer. But that is not the same as finding that Morales worked only 50% of the time for the Guard. If loss is to be measured from the perspective of the money paid by the Guard over the counts of conviction, the present record, in the absence of findings to the contrary, does not show by a preponderance that the Guard received only half of the services for which it paid, or that Morales did not fulfill her obligation to the Guard as its employee.

<u>United States v. Morales</u>, 2016 WL 6236365 (3d Cir. Oct. 25, 2016)(non-precedential) at p. 7.

The parties agree that the court should calculate a total loss based on the time period that included Ms. Morales' counts of conviction, which would be from September 22, 2010, to June 29, 2011. The parties further agree that the loss should include only the loss to the Virgin Islands National Guard as the result of the salary VING paid to Ms. Morales for her full-time position as a military technician. The parties also agree that Ms. Morales is entitled to receive a credit against this loss for the value of the services that she rendered to the Virgin Islands National Guard.

While the parties disagree on the amount of the total loss, the parties agree that Ms. Morales should not receive a sentence that would exceed the amount of time that she has already served.

Determining loss in this case is complicated by the fact that representatives from the VING testified that Morales was an excellent employee, a fact not lost on the Courts of Appeal. It is clear that the Court has to credit Morales with the value of the services that she provided.

For purposes of determining the sentencing guideline range only, the government agrees that Ms. Morales did not cause any loss that would exceed $6,499.00 based on the alleged criminal conduct, that is, her contemporaneous employment with MPSC. In light of this concession, Ms. Morales agrees not to contest any finding by the District Court that places the final loss suffered by the VING as $6,499.00.

The parties further agree that there is no evidence in the record showing that Ms. Morales failed to provide the services that she was employed to provide in her capacity as a military technician.

The parties therefore agree that Ms. Morales' offense level is 7 and that there should be no increase for loss amount, and no further enhancement. Ms. Morales has no criminal history points and she should be sentenced in criminal history category I. Her sentencing guideline range should be zero to six months of imprisonment.

Should the Court find that the loss is more than $6,500 but less than $15,000, the parties agree that the appropriate guideline sentence should be six months, or time served, to be followed by 28 months of supervised release.

Should the Court find a loss that exceeds $15,000 the parties still contend that Ms. Morales' should be sentenced to time served, to be followed by 28 months of supervised release. The parties agree that a downward variance would be

appropriate due to the following:

    Ms. Morales was on pretrial supervision from the date of her initial appearance until the date of her sentencing.  During that time, she was gainfully employed, enrolled in graduate classes at George Mason University, and performed as a volunteer for Alfred Street Baptist Church Social Justice Ministry and the Taproot Foundation as a Pro-Bono Consultant.  She never violated any conditions of her release.  She was remanded to begin serving her sentence on November 12, 2015, and remained in custody for six months and seven days.  She was released from custody after the Third Circuit Court of Appeals made the finding that the evidence regarding loss was not sufficient.  She has now been at liberty for eight months and under the supervision of the United States Probation Office in Alexandria, Virginia.  During that time, she has been gainfully employed as the Chief Financial Officer for Sovana Global Logistics, in Dulles, Virginia, and enrolled as a graduate student at George Mason University.  She is on track to complete her Masters in Business Administration on May 20, 2017.

    Given the forgoing, the parties agree that Morales' felony conviction, her period of incarceration, and a loss not to exceed $6,499 sufficiently serves justice in this matter.

DATED: February 16, 2017        Respectfully submitted and agreed to by,

/s/ *Omodare Jupiter*

OMODARE JUPITER
FEDERAL PUBLIC DEFENDER
1115 Strand Street, 2nd Floor
Christiansted, VI 00820
Tel (340) 773-3585
Fax (340) 773-3742
E-mail:omodare_jupiter@fd.org


SHERRYMAE MORALES
Defendant


/s/ *Everard Potter*

Everard Potter
Assistant US Attorney
United States Attorney's Office
Federal Building & U.S. Courthouse
5500 Veterans Drive, Suite 260
St. Thomas, VI 00802
everard.potter@usdoj.gov